UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:                          :        CHAPTER 7
                                :
RHONDA T. EDEN,                 :
                                :        CASE NO. 17-40811-BEM
                                :
                    Debtor.     :

**MOTION FOR AUTHORITY TO ESTABLISH PROCEDURES WITH RESPECT TO THE PUBLIC ON-LINE AUCTION, INCLUDING BIDDING PROCEDURES AND TO SHORTEN NOTICE**

Tracey L. Montz as Chapter 7 Trustee ("Trustee") files this Motion for Authority to Establish Procedures with Respect to the Public On-line Auction, including Bidding Procedures and to Shorten Notice ("Motion") pursuant to Sections 105(a), 363(h) and (m), seeking the following relief:

a) establishing terms and conditions for interested bidders to participate in an online public auction;

b) scheduling a hearing to consider approval of one or more proposed definitive purchasers ("Sale Hearing");

c) following the conclusion of a Sale Hearing, entry of an order authorizing and approving the sale to any purchaser(s).

In support hereof, Movant respectfully represents:

## **Introduction**

1.

Rhonda T. Eden ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 4, 2017.  Movant is the duly qualified and acting Chapter 7 Trustee in this case.

2.

Assets of the Debtor's estate include, but are not limited to, a 99.5% interest in Eden Oak Properties, LLC (the membership is hereinafter referred to as the "Property"). Chris Eden, ex-husband of the Debtor, asserts an interest in Eden Oak Properties, LLC. The undersigned is informed by the attorney for Chris Eden that his client does not object to the sale of his alleged jointly held membership interests in Eden Oak Properties, LLC, provided that his claim, if any, as asserted in adversary proceeding 17-04037-BEM, attaches to the proceeds of sale.

3.

Eden Oak Properties, LLC owns the land on which the K & M Hardware, Inc. business is located at 6437 Bells Ferry Road, Acworth, Georgia. K & M Hardware, Inc. operates a hardware store known as Bells Ferry Hardware. K & M Hardware, Inc. owns a 1% interest in Eden Oak Properties, LLC. Debtor Rhonda Eden owns a 50% interest in K & M Hardware, Inc. and Chris Eden owns a 50% interest in K & M Hardware, Inc.

4.

By Order entered on October 30, 2018 (Dkt:#70) ("Sale Order"), Movant was authorized to conduct a public auction of the Property in the event a sale of the property did not close nor was a binding contract in place by December 31, 2018. No sale took place, and no binding contract is in place at this time.

5.

By Order entered June 21, 2017, Movant was authorized to employ Doreen Morgan and Sunbelt Business Brokers ("Morgan") to market the property for sale. By Order entered

December 31, 2018 (Dkt:#74), Morgan's employment was expanded to include conducting an on-line auction of the Property pursuant to the Sale Order.

## Jurisdiction and Venue

6.

This court has jurisdiction of the Motion pursuant to 28 U.S.C. §157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N), and (O). Venue of the Debtor's Chapter 7 case and this Motion in this District is proper pursuant to 28 U.S.C. §1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a) and 363 of the Bankruptcy Code and Rules 2002, 6004, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure.

## Sale Preparation

7.

Any entity who wishes to make an offer to acquire the Property is invited to conduct due diligence, at their own expense, using virtual data room established by Sunbelt Business Brokers, and, physically inspect the Property as necessary, at mutually agreeable date(s) and time(s) prior to the On-Line Auction, by contacting Doreen Morgan at Sunbelt Business Brokers. Such inspections should be conducted in a manner which is not disruptive to the operations of K & M Hardware, Inc. All bidders will be given an equal and fair opportunity to gather information which they believe is necessary to formulate a bid for the acquisition of the Property.

## **Bid Procedures**

8.

In order to ensure that asset values are truly maximized, Movant requests that the Court

approve the following bid procedures, so that competing offers for the Property shall be accepted

only if they meet the following requirements:

a)       Persons or entitles wishing to make a competing bid for the Property (a "Proposed

Bid") shall register to bid with Morgan by January 25, 2019;

b)       All eligible bidders must attend an auction sale to be conducted online by Morgan

beginning at 10:00 a.m. and concluding at 4:00 p.m. on January 28, 2019 (the "Auction

Sale");

c)       At the Auction Sale, bidding will begin at One Million Three Hundred Thousand

Dollars ($1,300,000), and be conducted in minimum increments of $50,000 (or such

small increment as the Movant deems appropriate under the circumstances following

consultation with Morgan);

d)       Any bid must also conform to the following requirements: (1) provide for a

closing date on the sale which is no later than March 1, 2019 (or such later date as may be

agreed upon by all parties); and (2) not contain any due diligence conditions or a

financing contingency.

e)       Following the conclusion of bidding and prior to the Sale Hearing, Movant shall

determine which bid generates the greatest amount for the bankruptcy estate, and identify

the proposed Purchaser to recommend for approval by the Court at the Sale Hearing as

constituting the highest and best offer;

f)      Once the proposed Purchaser is identified, the Purchaser must submit an earnest money deposit (the "Deposit) in an amount no less than ten (10%) percent of the proposed purchase price, and must also provide proof of its financial ability to close on the transaction.  The Deposit should be delivered to Sunbelt Business Brokers, Attention: Doreen Morgan, 4470 Chamblee Dunwoody Rd., Suite 460, Atlanta, Georgia  30338. Any bidder should be required, within twenty-four (24) hours after the Movant's request, to submit financial statements and other documents relating to its business activities and its ability to perform in the event that its bid is accepted;

g)      At the Sale Hearing, Movant shall seek Court Approval for the sale of the Property to the Purchaser on terms and conditions of the sale, and also seek approval of one or more back-up bids.

9.

Movant also asks the Court to direct that offers made at the Sale may not be withdrawn after they are made and any entity's refusal or failure to comply with its offer after acceptance of same by Movant and approval by the Court shall entitle Movant to retain the Deposit, without limiting any other rights that the Movant may have against that bidder.

10.

Finally, Movant reserves the right to reject any proposed higher or better offer which, in its discretion, is deemed inadequate or insufficient or which is contrary to the best interests of the estate.  Movant intends to submit any disputes which may arise in connection with the bidding process to the Bankruptcy Court for determination on an expedited basis.

11.

Simultaneously herewith, Movant has served a copy of this Motion on the Office of the
United States Trustee, all parties in interest, all parties on the official creditor matrix maintained
by the U.S. Bankruptcy Court, and all parties believed to have asserted a security interest in the
Property.

**Best Interest of the Estate**

12.

Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process
or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §
105(a).  The purpose of Section 105(a) is to insure a Bankruptcy Court's power to take whatever
action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 Collier on
Bankruptcy, 105.01, at 105-2 (15th ed. 1993).  This Court may exercise its equitable powers to
grant the relief requested in this Motion.

**Notice-Expedited Consideration**

13.

Movant is submitting herewith a proposed Notice of Hearing shortening notice and
providing notice of the Motion.  Movant is serving the Notice on the Office of the US Trustee,
all parties in interest, all parties on the official creditor matrix maintained by the U.S. Bankruptcy
Court.

14.

Federal Rule of Bankruptcy Procedure 6004 provides, in pertinent part, as follows:

(a)  Notice of Proposed Use, Sale, or Lease of property.  Notice of a proposed use, sale, or
lease of property, other than cash collateral, not in the ordinary course of business shall
be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k)….

Fed.R.Bankr.P.6004

15.

Federal Rule of Bankruptcy Procedure 9007 provides, in pertinent part, as follows:

When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

Fed.R.Bankr.P.9007

16.

Movant contends that the forms of notice set forth above and the period for scheduling a hearing on the sale comport with Bankruptcy Rules 6004 and 9007, constitute good and sufficient notice of relief sought herein, and of all hearings and procedures contemplated hereby.

WHEREFORE, Movant respectfully requests that the Court grant this Motion and enter one or more orders providing relief as requested hereinabove, and granting such other and further relief as may be just and proper.

Dated: January 2, 2019.

/s/ JOHN C. PENNINGTON
John C. Pennington
Georgia Bar No. 571400
*Attorney for Chapter 7 Trustee*

John C. Pennington, P.C.
P.O. Box 275
Helen, GA 30545
(706) 878-0033
jcppc@windstream.net

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have this date electronically filed the foregoing *MOTION FOR AUTHORITY TO ESTABLISH PROCEDURES WITH RESPECT TO THE PUBLIC ON-LINE AUCTION, INCLUDING BIDDING PROCEDURES AND TO SHORTEN NOTICE* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Heather D. Bock, Esq.:  heather.bock@mccalla.com; bankruptcyecfmail@mccalla.com; bankruptcyecfmail@mrpllc.com

Michelle Hart Ippoliti, Esq.: michelle.ippoliti@mccalla.com; bankruptcyecfmail@mccalla.com

Brian S. Limbocker, Esq.: bsl@limbockerlawfirm.com; limbockerlawfirm@gmail.com; legalassistant@limbockerlawfirm.com

Mitchell S. Rosen, Esq.:  mrosen@kkgpc.com; ccooper@kkgpc.com

Howard P. Slomka, Esq.:  se@myatllaw.com; myecfcalendar@gmail.com; myatllaw@gmail.com; info@myatllaw.com; notices@nextchapterbk.com; SlomkaTR74878@notify.bestcase.com

Kelly E. Waits, Esq.:  kwaits@burr.com


I further certify that on this day I caused a copy of this document to be served by United States Mail, first class postage prepaid, properly addressed as follows:

Office of U.S. Trustee
362 Richard B. Russell Federal Bldg.
75 Ted Turner Dr, S.W.
Atlanta, GA 30303-3311

Doreen Morgan
Sunbelt Business Brokers
4470 Chamblee Dunwoody Rd, Suite 460
Atlanta, GA  30338

Rhonda T. Eden
14 Foxhound Way, SW
Cartersville, GA  30120

Mandy Youngblood
Americredit Financial Services, Inc.
PO Box 183853
Arlington, TX  76096

Cherokee County Tax Commissioner
270 Marietta Hwy
Canton, GA  30114


Dated:  January 2, 2019


/s/ JOHN C. PENNINGTON
John C. Pennington
Georgia Bar No. 571400
*Attorney for Chapter 7 Trustee*

John C. Pennington, P.C.
P.O. Box 275
Helen, GA 30545
(706) 878-0033
jcppc@windstream.net